**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| IN RE:   BRANDON LYLE HILL, ) | CASE NO.  17-05120-5-DMW |
| ) | |
| DEBTOR. ) | Chapter 13 |
| _____ ) | |
| AMERICAN EXPRESS CENTURION BANK, ) | |
| ) | |
| PLAINTIFF, ) | ADV. PROC. NO. |
| ) | |
| v. ) | |
| ) | |
| BRANDON LYLE HILL ) | |
| aka BRANDON L. HILL, ) | |
| ) | |
| DEFENDANT. ) | |
| _____ ) | |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Plaintiff, American Express Centurion Bank ("American Express"), by and through its counsel, hereby represents as follows:

1. The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. 157(a), (b)(1), (b)(2)(I) (core proceeding), 1334(b) 11 U.S.C. §1328(a) and 11 U.S.C. 523(c).

2. In accordance with Fed. R. Bankr. P. 7008, American Express consents to the entry of final orders and judgments by this Court.

3. On October 19, 2017, the Defendant, Brandon Lyle Hill aka Brandon L. Hill ("Defendant") filed a Chapter 13 petition, commencing the above case.

4. American Express is the holder of a claim against the Defendant arising from card account number xxxx-xxxxxx-x1002 ("Account 1").

5. Account 1 was opened by the Defendant in September of 2015.

6. The balance of Account 1 as of the date of filing the Chapter 13 petition was $12,717.41.

7. American Express is the holder of a claim against the above-captioned Defendant arising from card account number xxxx-xxxxxx-x1009 ("Account 2").

8. Account 2 was opened by the Defendant in July of 1996.

9. The balance of Account 2 as of the date of filing the Chapter 13 petition was $836.11.

10. The terms and conditions of the Account Agreement between the Defendant and American Express call for the payment of reasonable costs, including attorneys' fees, expended by American Express in the collection of Account 1 and Account 2, which is hereby requested in the following causes.

## FIRST CAUSE

11. Paragraphs 1 through 10 are hereby repeated and incorporated as if fully set forth herein.

12. Between August 19, 2017 and August 24, 2017, the Defendant charged $12,468.30 on Account 1 for goods and services.

13. Of the charges referenced in paragraph 12, one (1) charge in the amount of $5,777.00 was incurred for "Furniture" at INTELLIBED in UT.

14. Of the charges referenced in paragraph 12, one (1) charge in the amount of $3,740.88 was incurred for "Computer/Software" at APPLE ONLINE STORE in Cupertino, CA.

15. Of the charges referenced in paragraph 12, two (2) charges totaling $2,440.42 were incurred at MSC CRUISES USA INC in FL.

16. Of the charges referenced in paragraph 12, one (1) charge in the amount of $510.00 was incurred at DISNEY RESORTS-WDTC in FL.

17. All of the charges referenced in paragraph 12 for goods and services were incurred on or within 90 days of the filing of the bankruptcy petition, total more than $675.00 and some or all of the debt is for luxury goods and services and therefore may be presumed non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(C).

18. According to his Statement of Financial Affairs, the Defendant paid for bankruptcy representation on August 22, 2017 and again on October 19, 2017. Of the charges referenced in paragraph 12, charges totaling $2,950.42 were incurred on or after August 22, 2017.

19. Prior to incurring the transactions referenced in paragraph 12, Account 1 had a zero balance.

20. The terms and conditions of the Account Agreement between the Defendant and American Express call for a minimum payment toward the charges due on Account 1 upon receipt of the monthly billing statement.

21. No payments were made towards the transactions referenced in paragraph 12.

22. Any payments would have been applied in accordance with the terms and conditions of the Account Agreement for Account 1 between the Defendant and American Express.

23. Account 1 incurred interest fees totaling $231.57.

24. Account 1 incurred a late payment fees in the amount of $27.00.

25. Account 1 was credited $9.46.

26. Attached hereto as Exhibit "A" is the relevant portion of Account 1 statements which reflect the charges, fees and credits alleged in this Complaint.

27. Each and every time the Defendant incurred a charge or transaction, he was making an implied representation to American Express of his intent to repay the debt pursuant to the terms of the Account Agreement for Account 1.

28. However, American Express avers that when the Defendant made these representations, he knew they were false or, alternatively, they were made with such reckless disregard for the truth as to constitute willful misrepresentations.

29. When the Defendant obtained the goods and services identified in Exhibit "A", he knew or reasonably should have known of his inability to repay the debt such that he was aware of the falsity of his representations to American Express.

30. According to Schedule F of the bankruptcy petition, the Defendant has $167,587.00 in unsecured, nonpriority debt, all of which appears to be credit/charge card debt.

31. According to Schedule I of the bankruptcy petition, the Defendant's current monthly income is $7,117.20.

32. According to Schedule J of the bankruptcy petition, the Defendant's current monthly expenses total $7,062.25; this figure does not include payment on any credit card debt.

33. The account activity at issue in Exhibit "A" represents a sudden change in Defendant's buying habits on Account 1.

34. American Express asserts that, at the time the Defendant incurred the charges on Account 1, subjectively, he did not intend to honor his obligation to American Express to satisfy Account 1.

35. The Defendant has a certain level of financial sophistication as evidenced by the fact that he pays a mortgage, pays for utilities, pays for a vehicle and vehicle insurance, and has maintained and used multiple credit/charge card accounts.

36. The Defendant made multiple charges on the same day on Account 1 on August 19, 2017 and August 24, 2017.

37. The Defendant's Chapter 13 Plan proposes to pay less than one hundred (100%) percent to the unsecured creditors.

38. The balance of Account 1 in the amount of $12,717.41 was incurred by the Defendant with knowledge of his inability to repay it.

39. The balance of Account 1 in the amount of $12,717.41 was incurred by the Defendant without the intent to repay it.

40. The Defendant made the misrepresentations with the intention and purpose of deceiving American Express.

41. At the time of posting the above-referenced charges to Account 1, the Defendant was a cardmember in good standing and had a credit history with American Express, such that, American Express justifiably relied on the Defendant's misrepresentations as to his intent to repay them.

42. As the proximate result of extending credit based on the Defendant's misrepresentations, American Express has sustained loss and damage in the amount of $12,717.41.

43. The balance of Account 1 in the amount of $12,717.41 was obtained through false pretenses, a false representation, or actual fraud by the Defendant.

44. For the reasons above, $12,717.41 is nondischargeable pursuant to 11 U.S.C. §§523(a)(2)(A) and 523(a)(2)(C).

## **SECOND CAUSE**

45. Paragraphs 1 through 44 are hereby repeated and incorporated as if fully set forth herein.

46. On August 24, 2017, the Defendant charged $800.00 on Account 2 for "Disney Prod" at DISNEYSTORE.COM in CA.

47. The charge referenced in paragraph 46 for goods and services was incurred on or within 90 days of the filing of the bankruptcy petition, totals more than $675.00 and is for luxury goods and services and therefore may be presumed non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(C).

48. According to his Statement of Financial Affairs, the Defendant paid for bankruptcy representation on August 22, 2017 and again on October 19, 2017. The charge referenced in paragraph 46 in the amount of $800.00 was incurred after August 22, 2017.

49. Prior to incurring the charge referenced in paragraph 46, Account 2 had a zero balance.

50. The terms and conditions of the Account Agreement between the Defendant and American Express call for a minimum payment toward the charges due on Account 2 upon receipt of the monthly billing statement.

51. No payments were made towards the transactions referenced in paragraph 46.

52. Any payments would have been applied in accordance with the terms and conditions of the Account Agreement for Account 2 between the Defendant and American Express.

53. Account 2 incurred interest fees totaling $9.11.

54. Account 2 incurred a late payment fees in the amount of $27.00.

55. Attached hereto as Exhibit "B" is the relevant portion of Account 2 statements which reflect the charges and fees alleged in this Complaint.

56. Each and every time the Defendant incurred a charge or transaction, he was making an implied representation to American Express of his intent to repay the debt pursuant to the terms of the Account Agreement for Account 2.

57. However, American Express avers that when the Defendant made these representations, he knew they were false or, alternatively, they were made with such reckless disregard for the truth as to constitute willful misrepresentations.

58. When the Defendant obtained the goods and services identified in Exhibit "B", he knew or reasonably should have known of his inability to repay the debt such that he was aware of the falsity of his representations to American Express.

59. According to Schedule F of the bankruptcy petition, the Defendant has $167,587.00 in unsecured, nonpriority debt, all of which appears to be credit/charge card debt.

60. According to Schedule I of the bankruptcy petition, the Defendant's current monthly income is $7,117.20.

61. According to Schedule J of the bankruptcy petition, the Defendant's current monthly expenses total $7,062.25; this figure does not include payment on any credit card debt.

62. The account activity at issue in Exhibit "B" represents a sudden change in Defendant's buying habits on Account 2.

63. American Express asserts that, at the time the Defendant incurred the charges on Account 2, subjectively, he did not intend to honor his obligation to American Express to satisfy Account 2.

64. The Defendant has a certain level of financial sophistication as evidenced by the fact that he pays a mortgage, pays for utilities, pays for a vehicle and vehicle insurance, and has maintained and used multiple credit/charge card accounts.

65. The Defendant's Chapter 13 Plan proposes to pay less than one hundred (100%) percent to the unsecured creditors.

66. The balance of Account 2 in the amount of $836.11 was incurred by the Defendant with knowledge of his inability to repay it.

67. The balance of Account 2 in the amount of $836.11 was incurred by the Defendant without the intent to repay it.

68. The Defendant made the misrepresentations with the intention and purpose of deceiving American Express.

69. At the time of posting the above-referenced charges to Account 2, the Defendant was a cardmember in good standing and had a credit history with American Express, such that, American Express justifiably relied on the Defendant's misrepresentations as to his intent to repay them.

70. As the proximate result of extending credit based on the Defendant's misrepresentations, American Express has sustained loss and damage in the amount of $836.11.

71. The balance of Account 2 in the amount of $836.11 was obtained through false pretenses, a false representation, or actual fraud by the Defendant.

72. For the reasons above, $836.11 is nondischargeable pursuant to 11 U.S.C. §§523(a)(2)(A) and 523(a)(2)(C).

WHEREFORE, Plaintiff, American Express Centurion Bank prays this Honorable Court for a nondischargeable judgment pursuant to 11 U.S.C. §§523(a)(2)(A) and 523(a)(2)(C) against Defendant, Brandon Lyle Hill aka Brandon L. Hill, in the amount of $12,717.41 on Account 1; and a nondischargeable judgment pursuant to 11 U.S.C. §§523(a)(2)(A) and 523(a)(2)(C) against Defendant, Brandon Lyle Hill aka Brandon L. Hill, in the amount of $836.11 on Account 2, for a total nondischargeable judgment pursuant to 11 U.S.C. §§523(a)(2)(A) and 523(a)(2)(C) in the amount of $13,553.52, plus reasonable attorneys' fees and costs, and for any such further relief as the Court may deem appropriate.

        Respectfully submitted,

        Attorneys for Plaintiff

DATED: 1-18-18        By: */s/ B. Perry Morrison*
        B. Perry Morrison, Esquire (NC Bar #16376)
        MORRISON LAW FIRM, P.L.L.C.
        P.O. Box 2046
        Wilson, NC  27894-2046
        Telephone: (252) 237-3153
        Fax: (252) 243-1004
        Email: pmorrison@nccomplaw.com