UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE:  BRANDON LYLE HILL, | ) | CASE NO.  17-05120-5-DMW |
| | ) | |
| DEBTOR. | ) | Chapter 13 |
| | ) | |
| AMERICAN EXPRESS CENTURION BANK, | ) | |
| | ) | |
| PLAINTIFF, | ) | ADV. PROC. NO. 18-00005-5-DMW |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON LYLE HILL aka | ) | |
| BRANDON L. HILL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

### STIPULATION IN SETTLEMENT

American Express Centurion Bank ("Plaintiff") and Brandon Lyle Hill aka Brandon L. Hill, ("Defendant"), by and through their undersigned counsel, hereby stipulate and agree as follows:

1. Judgment in the above matter shall be entered by the United States Bankruptcy Court against the Defendant and in favor of Plaintiff in the principal amount of $12,500.00 ("Judgment Amount"), and this sum is stipulated to be nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(2)(C). The Judgment Amount represents a portion of the pre-petition balance owed to Plaintiff by the Defendant with regard to American Express account number xxxx-xxxxxx-x1002 and American Express account number xxxx-xxxxxx-x1009.

2. This Stipulation does not provide for any repayment terms.

3. The Defendant may prepay all or any portion of the Judgment Amount at any time without penalty.

4. Any voluntary payments submitted by the Defendant shall be made payable to "American Express" and mailed directly to Becket & Lee LLP, P.O. Box 3001, Malvern, PA 19355 or at any future address designated by Plaintiff in writing. The Defendant's bankruptcy number (17-05120) shall appear on all payments tendered.

5. The Defendant affirms that any funds paid to American Express under this Stipulation in Settlement will be from sources that are not property of the bankruptcy estate or from sources that are exempt.

6. Should the Defendant submit a payment that is returned due to insufficient funds, all payments thereafter must be made in the form of money order or certified funds.

7. The Defendant understands that he must advise Plaintiff's counsel of any change in address until the Judgment has been satisfied. Said notice should be in writing and addressed to American Express, c/o Becket & Lee, LLP, P.O. Box 3001, Malvern, PA 19355. The Defendant's current mailing address is 2520 Asher View Court, Raleigh, NC 27606.

8. The Defendant hereby authorizes Plaintiff's counsel to contact him directly regarding repayment of the Judgment Amount.

9. Plaintiff retains the right to receive its pro rata distribution on its allowed general unsecured claim under the Defendant's Chapter 13 Plan based upon the full amount of its general unsecured claim. A portion of the anticipated distribution made to Plaintiff through the Plan may be used to reduce the Judgment Amount, if appropriate. At this time, the Chapter 13 Plan has not been confirmed, but it is estimated that the dividend to general unsecured creditors will be between 15% and 20%. As a clarification of how the distribution may be used to reduce the Judgment Amount, the parties set forth the following as an example for future reference. Plaintiff has two Proofs of Claim which total $13,553.32 (Claim No. 3 in the amount of $12,717.41 and Claim No. 4 in the amount of $836.11.) Assuming that Plaintiff receives 15% distribution through the Plan, Plaintiff will be paid a total of $2,033.03 on its Claims. The first $1,053.52 of this amount, which is the difference between the total claim amount of $13,553.52 and the Judgment Amount of $12,500.00, will not reduce the amount of the Judgment, but

distribution over the amount of $1,053.52 will reduce the Judgment. In the event any funds paid pursuant to this Stipulation in Settlement and the pro rata distribution total more than 100% of Plaintiff's claim amount as filed, all overages will be returned to the Defendant by the Plaintiff.

10. Upon entry of the Chapter 13 discharge in this bankruptcy case, Plaintiff shall be entitled to enforce the Judgment in its favor in the amount of $12,500.00, less any payments made to date by the Defendant, and shall be allowed to seek repayment of the Judgment pursuant to the laws of the State of North Carolina, and/or the provisions of the United States Bankruptcy Court, and/or the law of any state of the United States.

11. In the event that the Defendant's bankruptcy case is converted, the Judgment shall survive such conversion and Plaintiff shall be entitled to enforce the Judgment in its favor in the amount of $12,500.00, less any payments made to date by the Defendant, and shall be allowed to seek repayment of the Judgment pursuant to the laws of the State of North Carolina, and/or the provisions of the United States Bankruptcy Court, and/or the law of any state of the United States.

12. In the event that the Defendant's bankruptcy is dismissed or discharge is denied or revoked, the Plaintiff remains entitled to recover the full account balance as of the petition date, less credit for all amounts received hereunder.

13. The Defendant agrees that the Judgment Amount will be nondischargeable in any future bankruptcy proceedings until the Judgment is paid in full.

14. By signature below, the Defendant declares that this agreement represents a fully informed and voluntary agreement by the Defendant and does not impose any undue hardship on the Defendant or a dependent of the Defendant.

WHEREFORE, the parties pray this Honorable Court for an Order approving the Stipulation in Settlement and closing this adversary proceeding.

By: _____
B. Perry Morrison, Esquire (NC Bar #16376)
MORRISON LAW FIRM, P.L.L.C.
P.O. Box 2046
Wilson, NC 27894-2046
Telephone: (252) 243-1003
Fax: (252) 243-1004
Email: pmorrison@nccomplaw.com
Attorney for American Express Centurion Bank

By: _____
William E. Brewer, Jr., Esquire (NC Bar #7018)
Janvier Law Firm, PLLC
311 East Edenton Street
Raleigh, NC 27601
Telephone: (919) 582-2323
Facsimile: (866) 809-2379
Email: wbrewer@janvierlaw.com
Attorney for Defendant

By: _____  8/22/18
Brandon Lyle Hill aka Brandon L. Hill
2520 Asher View Ct.
Raleigh, NC 27606
Defendant

END OF DOCUMENT